IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| GARY MILLIGAN, DAVID ROGERS, )<br>WILLIE PETERSON and BRANDON )<br>MILLIGAN, Individually and on Behalf )<br>of All Others Similarly Situated, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MCLENDON ACRES, INC., )<br>1-800-RR EMERGENCY, LLC, )<br>MARTIN MCLENDON, JOHN )<br>METCALF, and FRED DENIM, )<br>)<br>Defendants. )<br>_____) | CIVIL ACTION FILE<br>NO. 1:15-CV-135<br><br>COLLECTIVE ACTION |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COME NOW, GARY MILLIGAN, DAVID ROGERS, WILLIE PETERSON and BRANDON MILLIGAN, individually and for and in behalf of themselves and all others similarly situated, Plaintiffs, and file this Complaint for Damages and Injunctive Relief under the Fair Labor Standards Act and other applicable law, and show as follows:

1.  Plaintiffs are employees and former employees of Defendant McLendon Acres, Inc. and 1-800-RR Emergency, LLC. Plaintiffs seek overtime premium pay, liquidated damages, costs and attorneys fees, in addition to declaratory and injunctive relief under the Fair Labor Standards Act ("FLSA").

1

2. Plaintiffs bring this case on behalf of themselves and on behalf of other similarly situated employees pursuant to 29 USC § 216(b).

## **PLAINTIFFS**

3. Plaintiff Gary Milligan has been employed or jointly employed by Defendants during 2013 through 2015. Mr. Milligan resides within the Middle District of Georgia.

4. Plaintiff David Rogers was employed or jointly employed by Defendants during 2013 and 2014. Mr. Rogers resides within the Middle District of Georgia.

5. Plaintiff Willie Peterson was employed or jointly employed by Defendants for a number of years including during 2013 through 2015. Mr. Peterson resides within the Middle District of Georgia.

6. Plaintiff Brandon Milligan was employed or jointly employed by Defendants during 2012 and 2014. Mr. Milligan resides in Alabama.

7. Plaintiffs and other employees were engaged in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Plaintiffs and other employees regularly used equipment, tools and other materials which had been moved in interstate commerce in completing their job duties.

## DEFENDANTS

### McLendon Acres, Inc.

8. Defendant McLendon Acres, Inc. (hereinafter "MA") is a Georgia corporation engaged in agriculture and construction. Defendant has a principal office at 3986 Georgia Highway 55, Leary, GA 39862 (located within Calhoun County, Georgia). Defendant may be served with process through its registered agent, Martin L. McLendon, at that same address.

9. Defendant MA earned gross revenue of more than $500,000 in the past fiscal year. Defendant MA is an enterprise engaged in commerce for purposes of the FLSA.

10. Defendant MA was an employer within the meaning of the FLSA at all relevant times.

### 1-800 RR Emergency, LLC

11. Defendant 1-800 RR Emergency, LLC ("hereinafter RR Emergency") is a Georgia corporation engaged in railroad track maintenance. Defendant RR Emergency has a principal office at 3986 Georgia Highway 55, Leary, GA 39862 (located within Calhoun County, Georgia). Defendant may be served with process through its registered agent, Martin L. McLendon, at that same address.

12. Upon information and belief, Defendant RR Emergency earned gross revenue of more than $500,000 in the past fiscal year. Defendant RR Emergency is an enterprise engaged in commerce for purposes of the FLSA.

13. MA/RR Emergency employees worked on railroad tracks used in interstate commerce.

14. Upon information and belief, Defendants MA and RR Emergency maintained joint payroll and timekeeping records, and jointly controlled the activities of Plaintiffs and other similarly situated employees at times.

15. On an average of one or more occasions each month, Plaintiffs were directed to report to Defendant Fred Denim, who supervised railroad track maintenance work on behalf of joint employers MA and RR Emergency.

16. Plaintiffs were compensated for all work through single payroll checks on a straight time basis.

17. Upon information and belief, Defendant RR Emergency was an employer and/or joint employer within the meaning of the FLSA at all relevant times.

Martin McLendon

18. Defendant Martin L. McLendon (hereinafter "McLendon") is Chief Executive Officer and Chief Financial Officer of Defendant McLendon Acres, Inc.

19. Mr. McLendon is subject to service of process at his residence at 644 Wadsworth Ave., Albany, Georgia 31721 (Dougherty County, Georgia).

20. McLendon exercised control over the payroll practices and payment of wages by Defendant MA, including the refusal to pay overtime.

21. Defendant McLendon was an employer within the meaning of the FLSA at all relevant times.

John Metcalf

22. Defendant John Metcalf was an employer of Plaintiffs within the meaning of the FLSA. Metcalf acted in the role of supervisor and directly supervised the employees performing construction activities for MA.

23. Mr. Metcalf is subject to service of process at his residence at 31 Norma Drive, Georgetown, Georgia 39854 (Quitman County, Georgia).

24. Metcalf exercised day-to-day control over Plaintiffs' such construction activities.

25. Upon information and belief, he exercised significant control over employee scheduling, hiring, firing, discipline and wage payments.

Fred Denim

26. Defendant Fred Denim was an employer of Plaintiffs within the meaning of the FLSA.

27. Denim acted in the role of supervisor and directly supervised the employees performing railroad maintenance activities for MA and RR Emergency.

28. Denim exercised day-to-day control over Plaintiffs' railroad maintenance activities. Upon information and belief, he exercised significant control over employee scheduling, hiring, firing, discipline and wage payments. Defendants McLendon, Metcalf and Denim are hereinafter collectively referred to as the "Individual Defendants".

## JURISDICTION AND VENUE

29. Jurisdiction is proper in this Court pursuant to 28 USC § 1331, 28 USC § 1337, 28 USC §1367, and 28 USC § 2201.

30. Venue is proper in this Court under 28 USC § 1391(b). Defendants reside in this district; in addition, the events giving rise to the claim occurred in this district.

## COLLECTIVE ALLEGATIONS

31. Plaintiffs and other similarly situated employees regularly worked overtime hours in excess of 40 hours per week.

32. Plaintiffs and other similarly situated employees were paid straight time for all hours worked.

33. Plaintiffs and other similarly situated employees each performed a variety of construction-related tasks at multiple work sites, including welding, carpentry, sawing, painting, and operation of heavy equipment.

34. Plaintiffs and other similarly situated employees were not subject to any exemption or exception under FLSA.

35. Defendants jointly maintained hourly time records for Plaintiffs and similarly situated employees and treated them as hourly employees.

36. During the relevant time Plaintiffs and other similarly situated employees worked more than 40 hours per week, including hours worked for both MA and RR Emergency.

37. During the relevant time Plaintiffs and other similarly situated employees regularly worked more than 40 hours under the supervision of more than one Individual Defendant.

38. At all relevant times, Defendants were aware that Plaintiff and similarly-situated employees were working overtime hours without proper compensation.

39. Defendants failed to pay Plaintiffs and other similarly situated employees overtime compensation at one and one-half times their regular rate for all hours worked over forty (40) in a week.

40. Defendants' failure to pay Plaintiffs and other similarly situated employees the proper wages required by law was willful within the meaning of FLSA.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT: FAILURE TO PAY OVERTIME WAGES

41. The allegations set forth in paragraphs 1-40 above are hereby incorporated by reference as though fully set forth herein.

42. Defendants failed to pay overtime wages to Plaintiffs and similarly situated employees in violation of the FLSA.

43. Defendants' failure to pay overtime wages was willful within the meaning of the FLSA.

44. Defendants' failure to comply with the requirements of the FLSA caused damages to Plaintiff and other similarly situated employees.

## COUNT II

## CLAIM FOR ATTORNEYS FEES

45. The allegations set forth in paragraphs 1-40 above are hereby incorporated by reference as though fully set forth herein.

46. Plaintiffs are entitled to payment of reasonable attorneys' fees, costs and expenses under FLSA and under other applicable law.

WHEREFORE, Plaintiffs request that this Court:

1. Provide for issuance of summons naming all Defendants herein;

2. Provide for preliminary certification of a collective action and notice to potential opt-in Plaintiffs as provided by law;

3. Declare that Defendants violated the Fair Labor Standards Act;

4. Declare that Defendants' violations of the FLSA were willful;

5. Grant judgment to Plaintiffs and all class members for claims for overtime wages;

6. Grant judgment to Plaintiffs and all class members for liquidated damages;

7. Enter an Order enjoining further FLSA violations by Defendants through failure to pay overtime premiums;

8. Award Plaintiffs and all class members costs and reasonable attorney's fees incurred in bringing this action; and

9. Grant such further relief as the Court finds proper.

Respectfully submitted this ___7th___ day of August, 2015.

/s/ *E. Linwood Gunn, IV*
E. Linwood Gunn, IV
Georgia State Bar Number 315265
Attorney for Plaintiffs,
individually and on behalf of others
similarly situated

ROACH, CAUDILL & GUNN, LLP
111 West Main Street
Canton, Georgia 30114
Phone:      (770) 479-1406
Facsimile:  (770) 479-6171
lgunn@rcglawyers.com