## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASES

This Settlement Agreement and General Release (collectively, the "Agreement" or "Settlement") is entered into by **McLendon Acres, Inc.; 1-800-RR Emergency, LLC; Martin McLendon, John Metcalf, Fred Denim**, and their respective predecessors, successors and assigns, their current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities (collectively, the "Company"), on the one hand, and **Gary Milligan** ("Milligan"), on the other hand, to settle all known and unknown claims related to a bona fide dispute over wages owed.   The Company and Milligan will be referred to collectively herein as the "Parties."  Except to the extent governed by federal law, this Release shall be governed by the statutes and common law of Georgia.  This Agreement resolves the litigation matter currently pending in the United States District Court for the Middle District of Georgia, Case No.: 1:15-CV-00135-LJA wherein Milligan is one of the plaintiffs ("the Action").  This Agreement, and all terms and conditions included herein, is conditioned upon, among other things, the Court's approval of this settlement as a fair and reasonable resolution of the Action no later than Oct. 30, 2016, and is also conditioned upon the Court's approval of the settlement of each other Plaintiff. If the Court does not so approve, this Agreement, and all terms and conditions included herein, will be null and void.

In consideration of the mutual promises contained herein and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

### TERMS OF THE AGREEMENT

1. **Definitions Used in This Agreement**

   A. **"Approval"** means the date the Court enters an Order approving this Settlement.
   B. **"Attorneys' Fees and Costs"** means the amount paid to Class Counsel from the Gross Settlement Fund.
   C. **"Plaintiffs' Counsel"** means Linwood Gunn, Esq. and Roach, Caudill & Gunn, LLP.
   D. **"Defendants"** means all Defendants named as Parties in the Lawsuit, including McLendon Acres, Inc. and its respective predecessors, successors, assigns, and its current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities.
   E.  **"Gross Settlement Fund"** means the amount of One Hundred Eleven Thousand Fifty Seven Dollars and 90/100 ($111,057.90).  This fund will cover the settlement allocation to all Named Plaintiffs, attorneys' fees and costs, and all applicable payroll taxes.
   F. **"Named Plaintiffs"** means Gary Milligan, David Rogers, Willie Peterson, Brandon Milligan, Anthony Ladson, and Michael Ladson,  all individuals who submitted consent to join forms prior to the execution of this Agreement.
   G. **"Released Claims"** means any and all claims against any of the Released Parties based on alleged violations for any federal, state, or local wage and hour laws based on events that occurred or are alleged to have occurred at any point from August 2012 through the date of Approval, including without limitation claims under the federal

Fair Labor Standards Act, and any applicable Georgia law, except that Milligan's claims under the Georgia Workers Compensation Act are not included in this release

H. **"Released Parties"** means the Defendants, as defined above, and their current and former parents, subsidiaries, related companies, partnerships, or joint ventures, and with respect to each of them, their predecessors and successors; and with respect to each such entity, all of its past, present, and future employees, officers, directors, stockholders, members, owners, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries, and insurers of such programs), and any other persons acting by through, under or in concert with any of the persons or entities listed in this subsection, and their successors.

I. **"Releasing Party"** means Gary Milligan and any of his present, former, and future spouses, as well as his present, former, and future heirs, executors, administrators, estates, trustees, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns.

J. **"Relevant Time Period"** means for those who opted into the case, the time period begins three years prior to the date that they opted in to the case.

## 2. Benefits

A. <u>In General</u>:  The benefits set forth herein are conditioned on execution of this Agreement and its approval by the Court.

B. <u>Payment</u>:  In exchange for the release set forth in 3(a) of this Agreement, and contingent upon fulfillment of the terms specified herein, Milligan, will receive from the Gross Settlement a lump sum payment of Forty Two Thousand Three Hundred Sixty Five Dollars and 39/100 ($42,365.39), less all applicable federal, state, and local taxes and withholdings.  The Company will deliver said payment via wire transfer to counsel, by October 31, 2016.  The Company shall report the amount paid to the appropriate taxing authorities on a Form W-2, issued to Milligan with his taxpayer identification number.  Said amount shall further be subject to adjustments and deductions for applicable taxes and withholdings as required by federal, state, and local law.

C. <u>Attorneys Fees</u>:  Subject to Court approval, Plaintiffs' Counsel will receive Thirty Nine Thousand Fifty-Six Dollars and 92/100 ($39,056.92) of the Gross Settlement as attorneys' fees. The Company will deliver payment via wire transfer to Plaintiffs' counsel made payable to Plaintiffs' Counsel, by December 15, 2016 Plaintiffs' Counsel will be issued one or more IRS Forms 1099 for the attorneys' fees and costs paid pursuant to this Agreement and consistent with the Court's approval. Within seven (7) days of receipt of final payment, unless instructed otherwise by the Court, counsel for Milligan will file a dismissal with prejudice of Milligan's claims asserted in the operative complaint.

## 3. Releases

A. In accordance with the terms of this Agreement, Milligan shall be deemed to have irrevocably and unconditionally released and discharged the Released Parties with respect to the Released Claims when the Agreement becomes final and no longer appealable. Milligan will be deemed to understand the significance of this release of unknown and unsuspected claims and their waiver of statutory protection against a release of unknown and/or unsuspected claims. Milligan expressly waives all rights afforded by any statute which limits the effect of a release with respect to unknown or unsuspected claims.

    a. At the time of this Agreement, Milligan states he has not filed or caused to be filed any sort of claim against these Defendants with a federal or state entity, except as identified below. Milligan further understands Defendants have relied on this representation as a part of this Agreement. If, despite this Agreement, Milligan personally sues over any claim that has been individually released in his individual capacity, or allows or causes suit to be brought on his behalf, Milligan will be liable to the Released Parties (as defined below) for their attorneys' fees, other defense costs, and any other damages that Milligan's lawsuit causes.

B. <u>Claims Not Released</u>: This Agreement does not release any claims that the law does not permit Milligan to release, including but not limited to those claims under Georgia's Workers Compensation Act

## 4. **Promises**

A. <u>Dismissal of Action</u>: With the exception of *Gary Milligan, et al. v. McLendon Acres, Inc.*, et al, currently pending in the United States District Court for the Middle District of Georgia, Case No.: 1:15-CV-00135-LJA, Milligan has not filed, initiated, or prosecuted (or caused to be filed, initiated, or prosecuted) any lawsuit, complaint, charge, action, compliance review, investigation, or proceeding with respect to any claim this Agreement purports to waive and/or release. Upon the approval by the Court of this Agreement Milligan will receive payment consistent with the terms of this Agreement.

B. <u>Taxes</u>: Milligan is responsible for paying any taxes on amounts received under this Agreement. The Company will withhold all taxes it is legally required to withhold.

C. <u>Ownership of Claims</u>: Milligan has not assigned or transferred any claims now being released, nor has Milligan attempted to do so.

D. <u>Implementation</u>: The Parties agree to take all reasonable actions necessary to implement this Agreement.

E. <u>No Admission of Liability</u>: Milligan understands and agrees that this Agreement is not an admission of wrongdoing by the Company.

F. <u>This Agreement to be Kept Confidential</u>: Milligan promises that the terms, amount, or existence of the settlement or this Agreement shall not be discussed or disclosed to anyone other than a member of Milligan's immediate family or attorney or other professional advisor and, even as to such a person, only if the person agrees to honor

this confidentiality requirement. Such a person's violation of this confidentiality requirement is to be treated as a violation by Milligan. This subsection does not prohibit disclosures to the Court or to the extent legally necessary to enforce this Agreement, nor does it prohibit disclosures to the extent otherwise legally required (but only if Milligan notifies the Company of a disclosure obligation or request within three days and permits the Company to take all steps it deems appropriate to prevent or limit the required disclosure).

5.  **Voluntary Nature of Agreements**

Milligan acknowledges being advised by counsel concerning this Agreement and entering into the Agreement voluntarily. Milligan further acknowledges receiving a reasonable amount of time to consider this Agreement before signing it.

6.  **Approval of Settlement**

Within seven (7) calendar days of the execution of this Agreement by Plaintiff, Defendants will seek the Court's approval of the terms of this Agreement, by filing an Unopposed Motion for Approval of Settlement ("Approval Motion").  Defendants may, at their option, seek to have the Approval Motion and related documents filed under seal. Plaintiffs agree not to oppose any such motion by Defendants.  Notwithstanding the foregoing, the Agreement may be filed publicly if ultimately necessary to obtain Court approval of the settlement. If the Court does not enter an Approval Order, or decides to do so only with material modifications to the terms of the Agreement, or if the Approval Order is reversed or vacated by an appellate Court, then this Agreement shall become null and void, unless the Parties agree in writing to modify this Agreement and the Court approves of the modified agreement.

7.  **Miscellaneous**

A.  Entire Agreement: This Agreement is the entire agreement between the Released Parties to the subject matter of this Agreement. This Agreement may not be modified or canceled in any manner, nor may any provision of it or any legal remedy with respect to it be waived, except by a writing signed by both Milligan and an authorized Company official. The Parties have made no representations or promises, other than those in or referred to by this Agreement.

B.  Successors: This Agreement binds the Releasing Party's heirs, administrators, representatives, executors, and assigns, and will inure to the benefit of all Released Parties and their respective heirs, administrators, representatives, executors, successors, and assigns.

C.  Interpretation: This Agreement shall be construed as a whole according to its fair meaning. It shall not be construed strictly for or against the Released Parties. Unless the context indicates otherwise, the term "or" shall be deemed to include

the term "and" and the singular or plural number shall be deemed to include the other. Captions are intended solely for convenience of reference and shall not be used in the interpretation of this Agreement.

D.   Execution in Counterparts:  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, all of which together shall constitute one and the same instrument.

E.   Jurisdiction:  The Parties request that the Court retain jurisdiction with respect to the implementation and enforcement of the terms of the Agreement, to the extent permitted by law, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Agreement. The Parties request that any action to enforce this Agreement shall be commenced and maintained only in this Court. The Parties agree that reasonable attorneys fees and costs shall be awarded to any Party who prevails, in whole or in part, in enforcing this Agreement.

F.   Cooperation:  The Parties agree to cooperate in good faith to effectuate the Settlement of this action, including securing the Court's approval of the Agreement, and obtaining a final judgment.

G.   Ineligible for Rehire: Milligan agrees he is not eligible for rehire and further agrees he will not seek reemployment with the Defendants in the future.

H.   Confidentiality:   Milligan, Plaintiffs' Counsel, Defendants, and Defendants' Counsel agree they shall not, directly or indirectly, on their own or through a third party, make any statement that refers to this Action, Plaintiffs' claims, or that discloses or communicates the Settlement Payment (including the individual allocations thereof) or other terms of this Agreement.

Executed at _____, _____ this _____ day of _____, 2016.

_____
Gary Milligan

Executed this _____ day of October, 2016.

ON BEHALF OF ALL DEFENDANTS

_____
Martin McLendon, CEO of McLendon Acres, Inc.

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASES

This Settlement Agreement and General Release (collectively, the "Agreement" or "Settlement") is entered into by **McLendon Acres, Inc.; 1-800-RR Emergency, LLC; Martin McLendon, John Metcalf, Fred Denim**, and their respective predecessors, successors and assigns, their current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities (collectively, the "Company"), on the one hand, and **David Rogers** ("Rogers"), on the other hand, to settle all known and unknown claims related to a bona fide dispute over wages owed.   The Company and Rogers will be referred to collectively herein as the "Parties."  Except to the extent governed by federal law, this Release shall be governed by the statutes and common law of Georgia.  This Agreement resolves the litigation matter currently pending in the United States District Court for the Middle District of Georgia, Case No.: 1:15-CV-00135-LJA wherein Rogers is one of the plaintiffs ("the Action").  This Agreement, and all terms and conditions included herein, is conditioned upon, among other things, the Court's approval of this settlement as a fair and reasonable resolution of the Action no later than Oct. 30, 2016, and is also conditioned upon the Court's approval of the settlement of each other Plaintiff. If the Court does not so approve, this Agreement, and all terms and conditions included herein, will be null and void.

In consideration of the mutual promises contained herein and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

### TERMS OF THE AGREEMENT

1. **Definitions Used in This Agreement**

   A. **"Approval"** means the date the Court enters an Order approving this Settlement.
   B. **"Attorneys' Fees and Costs"** means the amount paid to Class Counsel from the Gross Settlement Fund.
   C. **"Plaintiffs' Counsel"** means Linwood Gunn, Esq. and Roach, Caudill & Gunn, LLP.
   D. **"Defendants"** means all Defendants named as Parties in the Lawsuit, including McLendon Acres, Inc. and its respective predecessors, successors, assigns, and its current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities.
   E. **"Gross Settlement Fund"** means the amount of One Hundred Eleven Thousand Fifty Seven Dollars and 90/100 ($111,057.90).  This fund will cover the settlement allocation to all Named Plaintiffs, attorneys' fees and costs, and all applicable payroll taxes.
   F. **"Named Plaintiffs"** means Gary Milligan, David Rogers, Willie Peterson, Brandon Milligan, Anthony Ladson, and Michael Ladson,  all individuals who submitted consent to join forms prior to the execution of this Agreement.
   G. **"Released Claims"** means any and all claims against any of the Released Parties based on alleged violations for any federal, state, or local wage and hour laws based on events that occurred or are alleged to have occurred at any point from August 2012

through the date of Approval, including without limitation claims under the federal Fair Labor Standards Act, and any applicable Georgia law.

H. **"Released Parties"** means the Defendants, as defined above, and their current and former parents, subsidiaries, related companies, partnerships, or joint ventures, and with respect to each of them, their predecessors and successors; and with respect to each such entity, all of its past, present, and future employees, officers, directors, stockholders, members, owners, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries, and insurers of such programs), and any other persons acting by through, under or in concert with any of the persons or entities listed in this subsection, and their successors.

I. **"Releasing Party"** means David Rogers and any of his present, former, and future spouses, as well as his present, former, and future heirs, executors, administrators, estates, trustees, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns.

J. **"Relevant Time Period"** means for those who opted into the case, the time period begins three years prior to the date that they opted in to the case.

## 2. Benefits

A. <u>In General</u>:  The benefits set forth herein are conditioned on execution of this Agreement and its approval by the Court.

B. <u>Payment</u>:  In exchange for the release set forth in 3(a) of this Agreement, and contingent upon fulfillment of the terms specified herein, Rogers, will receive from the Gross Settlement a lump sum payment of Six Thousand Three Hundred Forty Three Dollars and 29/100 ($6,343.29), less all applicable federal, state, and local taxes and withholdings.  The Company will deliver said payment via wire transfer to counsel, by October 31, 2016.  The Company shall report the amount paid to the appropriate taxing authorities on a Form W-2, issued to Rogers with his taxpayer identification number.  Said amount shall further be subject to adjustments and deductions for applicable taxes and withholdings as required by federal, state, and local law.

C. <u>Attorneys Fees</u>:  Subject to Court approval, Plaintiffs' Counsel will receive Thirty Nine Thousand Fifty-Six Dollars and 92/100 ($39,056.92) of the Gross Settlement as attorneys' fees. The Company will deliver payment via wire transfer to Plaintiffs' counsel made payable to Plaintiffs' Counsel, by December 15, 2016 Plaintiffs' Counsel will be issued one or more IRS Forms 1099 for the attorneys' fees and costs paid pursuant to this Agreement and consistent with the Court's approval. Within seven (7) days of receipt of final payment, unless instructed otherwise by the Court, counsel for Rogers will file a dismissal with prejudice of Rogers' claims asserted in the operative complaint.

3. **Releases**

A. In accordance with the terms of this Agreement, Rogers shall be deemed to have irrevocably and unconditionally released and discharged the Released Parties with respect to the Released Claims when the Agreement becomes final and no longer appealable.  Rogers will be deemed to understand the significance of this release of unknown and unsuspected claims and their waiver of statutory protection against a release of unknown and/or unsuspected claims.  Rogers expressly waives all rights afforded by any statute which limits the effect of a release with respect to unknown or unsuspected claims.

    a. At the time of this Agreement, Rogers states he has not filed or caused to be filed any sort of claim against these Defendants with a federal or state entity, except as identified below.  Rogers further understands Defendants have relied on this representation as a part of this Agreement. If, despite this Agreement, Rogers personally sues over any claim that has been individually released in his individual capacity, or allows or causes suit to be brought on his behalf, Rogers will be liable to the Released Parties (as defined below) for their attorneys' fees, other defense costs, and any other damages that Rogers' lawsuit causes.

B. Claims Not Released:  This Agreement does not release any claims that the law does not permit Rogers to release.

4. **Promises**

A. Dismissal of Action:  With the exception of *Gary Milligan, et. al. v. McLendon Acres, Inc.*, et al, currently pending in the United States District Court for the Middle District of Georgia, Case No.: 1:15-CV-00135-LJA, Rogers has not filed, initiated, or prosecuted (or caused to be filed, initiated, or prosecuted) any lawsuit, complaint, charge, action, compliance review, investigation, or proceeding with respect to any claim this Agreement purports to waive and/or release.  Upon the approval by the Court of this Agreement Rogers will receive payment consistent with the terms of this Agreement.

B. Taxes:  Rogers is responsible for paying any taxes on amounts received under this Agreement.  The Company will withhold all taxes it is legally required to withhold.

C. Ownership of Claims: Rogers has not assigned or transferred any claims now being released, nor has Rogers attempted to do so.

D. Implementation:   The Parties agree to take all reasonable actions necessary to implement this Agreement.

E. No Admission of Liability: Rogers understands and agrees that this Agreement is not an admission of wrongdoing by the Company.

F. This Agreement to be Kept Confidential: Rogers promises that the terms, amount, or existence of the settlement or this Agreement shall not be discussed or disclosed to anyone other than a member of Rogers' immediate family or attorney or other

professional advisor and, even as to such a person, only if the person agrees to honor this confidentiality requirement. Such a person's violation of this confidentiality requirement is to be treated as a violation by Rogers. This subsection does not prohibit disclosures to the Court or to the extent legally necessary to enforce this Agreement, nor does it prohibit disclosures to the extent otherwise legally required (but only if Rogers notifies the Company of a disclosure obligation or request within three days and permits the Company to take all steps it deems appropriate to prevent or limit the required disclosure).

**5. Voluntary Nature of Agreements**

Rogers acknowledges being advised by counsel concerning this Agreement and entering into the Agreement voluntarily. Rogers further acknowledges receiving a reasonable amount of time to consider this Agreement before signing it.

**6. Approval of Settlement**

Within seven (7) calendar days of the execution of this Agreement by Plaintiff, Defendants will seek the Court's approval of the terms of this Agreement, by filing an Unopposed Motion for Approval of Settlement ("Approval Motion"). Defendants may, at their option, seek to have the Approval Motion and related documents filed under seal. Plaintiffs agree not to oppose any such motion by Defendants. Notwithstanding the foregoing, the Agreement may be filed publicly if ultimately necessary to obtain Court approval of the settlement. If the Court does not enter an Approval Order, or decides to do so only with material modifications to the terms of the Agreement, or if the Approval Order is reversed or vacated by an appellate Court, then this Agreement shall become null and void, unless the Parties agree in writing to modify this Agreement and the Court approves of the modified agreement.

**7. Miscellaneous**

A.  Entire Agreement: This Agreement is the entire agreement between the Released Parties to the subject matter of this Agreement. This Agreement may not be modified or canceled in any manner, nor may any provision of it or any legal remedy with respect to it be waived, except by a writing signed by both Rogers and an authorized Company official. The Parties have made no representations or promises, other than those in or referred to by this Agreement.

B.  Successors: This Agreement binds the Releasing Party's heirs, administrators, representatives, executors, and assigns, and will inure to the benefit of all Released Parties and their respective heirs, administrators, representatives, executors, successors, and assigns.

C.  Interpretation: This Agreement shall be construed as a whole according to its fair meaning. It shall not be construed strictly for or against the Released Parties.

Released Parties and their respective heirs, administrators, representatives, executors, successors, and assigns.

C.  Interpretation: This Agreement shall be construed as a whole according to its fair meaning. It shall not be construed strictly for or against the Released Parties. Unless the context indicates otherwise, the term "or" shall be deemed to include the term "and" and the singular or plural number shall be deemed to include the other. Captions are intended solely for convenience of reference and shall not be used in the interpretation of this Agreement.

D.  Execution in Counterparts: This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, all of which together shall constitute one and the same instrument.

E.  Jurisdiction: The Parties request that the Court retain jurisdiction with respect to the implementation and enforcement of the terms of the Agreement, to the extent permitted by law, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Agreement. The Parties request that any action to enforce this Agreement shall be commenced and maintained only in this Court. The Parties agree that reasonable attorneys fees and costs shall be awarded to any Party who prevails, in whole or in part, in enforcing this Agreement.

F.  Cooperation: The Parties agree to cooperate in good faith to effectuate the Settlement of this action, including securing the Court's approval of the Agreement, and obtaining a final judgment.

G.  Ineligible for Rehire: Rogers agrees he is not eligible for rehire and further agrees he will not seek reemployment with the Defendants in the future.

H.  Confidentiality: Rogers, Plaintiffs' Counsel, Defendants, and Defendants' Counsel agree they shall not, directly or indirectly, on their own or through a third party, make any statement that refers to this Action, Plaintiffs' claims, or that discloses or communicates the Settlement Payment (including the individual allocations thereof) or other terms of this Agreement.

Executed at _____ this _____ day of _____, 2016.

_____
David Rogers

Executed this _____ day of October, 2016.

**ON BEHALF OF ALL DEFENDANTS**

_____
Martin McLendon, CEO of McLendon Acres, Inc.

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASES

This Settlement Agreement and General Release (collectively, the "Agreement" or "Settlement") is entered into by **McLendon Acres, Inc.; 1-800-RR Emergency, LLC; Martin McLendon, John Metcalf, Fred Denim**, and their respective predecessors, successors and assigns, their current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities (collectively, the "Company"), on the one hand, and **Willie Peterson** ("Peterson"), on the other hand, to settle all known and unknown claims related to a bona fide dispute over wages owed.   The Company and Peterson will be referred to collectively herein as the "Parties."   Except to the extent governed by federal law, this Release shall be governed by the statutes and common law of Georgia.   This Agreement resolves the litigation matter currently pending in the United States District Court for the Middle District of Georgia, Case No.: 1:15-CV-00135-LJA wherein Peterson is one of the plaintiffs ("the Action").   This Agreement, and all terms and conditions included herein, is conditioned upon, among other things, the Court's approval of this settlement as a fair and reasonable resolution of the Action no later than Oct. 30, 2016, and is also conditioned upon the Court's approval of the settlement of each other Plaintiff. If the Court does not so approve, this Agreement, and all terms and conditions included herein, will be null and void.

In consideration of the mutual promises contained herein and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

### TERMS OF THE AGREEMENT

1.  **Definitions Used in This Agreement**

    A.  **"Approval"** means the date the Court enters an Order approving this Settlement.
    B.  **"Attorneys' Fees and Costs"** means the amount paid to Class Counsel from the Gross Settlement Fund.
    C.  **"Plaintiffs' Counsel"** means Linwood Gunn, Esq. and Roach, Caudill & Gunn, LLP.
    D.  **"Defendants"** means all Defendants named as Parties in the Lawsuit, including McLendon Acres, Inc. and its respective predecessors, successors, assigns, and its current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities.
    E.  **"Gross Settlement Fund"** means the amount of One Hundred Eleven Thousand Fifty Seven Dollars and 90/100 ($111,057.90).   This fund will cover the settlement allocation to all Named Plaintiffs, attorneys' fees and costs, and all applicable payroll taxes.
    F.  **"Named Plaintiffs"** means Gary Milligan, David Rogers, Willie Peterson, Brandon Milligan, Anthony Ladson, and Michael Ladson,   all individuals who submitted consent to join forms prior to the execution of this Agreement.
    G.  **"Released Claims"** means any and all claims against any of the Released Parties based on alleged violations for any federal, state, or local wage and hour laws based on events that occurred or are alleged to have occurred at any point from August 2012

through the date of Approval, including without limitation claims under the federal Fair Labor Standards Act, and any applicable Georgia law.

H. **"Released Parties"** means the Defendants, as defined above, and their current and former parents, subsidiaries, related companies, partnerships, or joint ventures, and with respect to each of them, their predecessors and successors; and with respect to each such entity, all of its past, present, and future employees, officers, directors, stockholders, members, owners, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries, and insurers of such programs), and any other persons acting by through, under or in concert with any of the persons or entities listed in this subsection, and their successors.

I. **"Releasing Party"** means Willie Peterson and any of his present, former, and future spouses, as well as his present, former, and future heirs, executors, administrators, estates, trustees, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns.

J. **"Relevant Time Period"** means for those who opted into the case, the time period begins three years prior to the date that they opted in to the case.

## 2. Benefits

A. <u>In General</u>:   The benefits set forth herein are conditioned on execution of this Agreement and its approval by the Court.

B. <u>Payment</u>:   In exchange for the release set forth in 3(a) of this Agreement, and contingent upon fulfillment of the terms specified herein, Peterson, will receive from the Gross Settlement a lump sum payment of Eleven Thousand Four Hundred Ninety One Dollars and 36/100 ($11,491.36), less all applicable federal, state, and local taxes and withholdings.   The Company will deliver said payment via wire transfer to counsel, by October 31, 2016.   The Company shall report the amount paid to the appropriate taxing authorities on a Form W-2, issued to Peterson with his taxpayer identification number.   Said amount shall further be subject to adjustments and deductions for applicable taxes and withholdings as required by federal, state, and local law.

C. <u>Attorneys Fees</u>:   Subject to Court approval, Plaintiffs' Counsel will receive Thirty Nine Thousand Fifty-Six Dollars and 92/100 ($39,056.92) of the Gross Settlement as attorneys' fees. The Company will deliver payment via wire transfer to Plaintiffs' counsel made payable to Plaintiffs' Counsel, by December 15, 2016 Plaintiffs' Counsel will be issued one or more IRS Forms 1099 for the attorneys' fees and costs paid pursuant to this Agreement and consistent with the Court's approval. Within seven (7) days of receipt of final payment, unless instructed otherwise by the Court, counsel for Peterson will file a dismissal with prejudice of Peterson's claims asserted in the operative complaint.

**3. Releases**

A. In accordance with the terms of this Agreement, Peterson shall be deemed to have irrevocably and unconditionally released and discharged the Released Parties with respect to the Released Claims when the Agreement becomes final and no longer appealable. Peterson will be deemed to understand the significance of this release of unknown and unsuspected claims and their waiver of statutory protection against a release of unknown and/or unsuspected claims. Peterson expressly waives all rights afforded by any statute which limits the effect of a release with respect to unknown or unsuspected claims.

  a. At the time of this Agreement, Peterson states he has not filed or caused to be filed any sort of claim against these Defendants with a federal or state entity, except as identified below. Peterson further understands Defendants have relied on this representation as a part of this Agreement. If, despite this Agreement, Peterson personally sues over any claim that has been individually released in his individual capacity, or allows or causes suit to be brought on his behalf, Peterson will be liable to the Released Parties (as defined below) for their attorneys' fees, other defense costs, and any other damages that Peterson's lawsuit causes.

B. Claims Not Released: This Agreement does not release any claims that the law does not permit Peterson to release.

**4. Promises**

A. Dismissal of Action: With the exception of *Gary Milligan, et al. v. McLendon Acres, Inc.*, et al, currently pending in the United States District Court for the Middle District of Georgia, Case No.: 1:15-CV-00135-LJA, Peterson has not filed, initiated, or prosecuted (or caused to be filed, initiated, or prosecuted) any lawsuit, complaint, charge, action, compliance review, investigation, or proceeding with respect to any claim this Agreement purports to waive and/or release. Upon the approval by the Court of this Agreement Peterson will receive payment consistent with the terms of this Agreement.

B. Taxes: Peterson is responsible for paying any taxes on amounts received under this Agreement. The Company will withhold all taxes it is legally required to withhold.

C. Ownership of Claims: Peterson has not assigned or transferred any claims now being released, nor has Peterson attempted to do so.

D. Implementation: The Parties agree to take all reasonable actions necessary to implement this Agreement.

E. No Admission of Liability: Peterson understands and agrees that this Agreement is not an admission of wrongdoing by the Company.

F. This Agreement to be Kept Confidential: Peterson promises that the terms, amount, or existence of the settlement or this Agreement shall not be discussed or disclosed to anyone other than a member of Peterson's immediate family or attorney or other

professional advisor and, even as to such a person, only if the person agrees to honor this confidentiality requirement. Such a person's violation of this confidentiality requirement is to be treated as a violation by Peterson. This subsection does not prohibit disclosures to the Court or to the extent legally necessary to enforce this Agreement, nor does it prohibit disclosures to the extent otherwise legally required (but only if Peterson notifies the Company of a disclosure obligation or request within three days and permits the Company to take all steps it deems appropriate to prevent or limit the required disclosure).

**5. Voluntary Nature of Agreements**

Peterson acknowledges being advised by counsel concerning this Agreement and entering into the Agreement voluntarily. Peterson further acknowledges receiving a reasonable amount of time to consider this Agreement before signing it.

**6. Approval of Settlement**

Within seven (7) calendar days of the execution of this Agreement by Plaintiff, Defendants will seek the Court's approval of the terms of this Agreement, by filing an Unopposed Motion for Approval of Settlement ("Approval Motion"). Defendants may, at their option, seek to have the Approval Motion and related documents filed under seal. Plaintiffs agree not to oppose any such motion by Defendants. Notwithstanding the foregoing, the Agreement may be filed publicly if ultimately necessary to obtain Court approval of the settlement. If the Court does not enter an Approval Order, or decides to do so only with material modifications to the terms of the Agreement, or if the Approval Order is reversed or vacated by an appellate Court, then this Agreement shall become null and void, unless the Parties agree in writing to modify this Agreement and the Court approves of the modified agreement.

**7. Miscellaneous**

A.  <u>Entire Agreement</u>: This Agreement is the entire agreement between the Released Parties to the subject matter of this Agreement. This Agreement may not be modified or canceled in any manner, nor may any provision of it or any legal remedy with respect to it be waived, except by a writing signed by both Peterson and an authorized Company official. The Parties have made no representations or promises, other than those in or referred to by this Agreement.

B.  <u>Successors</u>: This Agreement binds the Releasing Party's heirs, administrators, representatives, executors, and assigns, and will inure to the benefit of all Released Parties and their respective heirs, administrators, representatives, executors, successors, and assigns.

C.  <u>Interpretation</u>: This Agreement shall be construed as a whole according to its fair meaning. It shall not be construed strictly for or against the Released Parties.

Unless the context indicates otherwise, the term "or" shall be deemed to include the term "and" and the singular or plural number shall be deemed to include the other. Captions are intended solely for convenience of reference and shall not be used in the interpretation of this Agreement.

D.   Execution in Counterparts: This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, all of which together shall constitute one and the same instrument.

E.   Jurisdiction: The Parties request that the Court retain jurisdiction with respect to the implementation and enforcement of the terms of the Agreement, to the extent permitted by law, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Agreement. The Parties request that any action to enforce this Agreement shall be commenced and maintained only in this Court. The Parties agree that reasonable attorneys fees and costs shall be awarded to any Party who prevails, in whole or in part, in enforcing this Agreement.

F.   Cooperation:   The Parties agree to cooperate in good faith to effectuate the Settlement of this action, including securing the Court's approval of the Agreement, and obtaining a final judgment.

G.   Ineligible for Rehire: Peterson agrees he is not eligible for rehire and further agrees he will not seek reemployment with the Defendants in the future.

H.   Confidentiality:   Peterson, Plaintiffs' Counsel, Defendants, and Defendants' Counsel agree they shall not, directly or indirectly, on their own or through a third party, make any statement that refers to this Action, Plaintiffs' claims, or that discloses or communicates the Settlement Payment (including the individual allocations thereof) or other terms of this Agreement.

Executed at _____, _____ this _17_ day of _October_ , 2016.

_Willie James Peterson_
Willie Peterson

Executed this _17_ day of October, 2016.

ON BEHALF OF ALL DEFENDANTS
_MJM_
Martin McLendon, CEO of McLendon Acres, Inc.

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASES

This Settlement Agreement and General Release (collectively, the "Agreement" or "Settlement") is entered into by **McLendon Acres, Inc.; 1-800-RR Emergency, LLC; Martin McLendon, John Metcalf, Fred Denim**, and their respective predecessors, successors and assigns, their current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities (collectively, the "Company"), on the one hand, and **Michael Ladson** ("M. Ladson"), on the other hand, to settle all known and unknown claims related to a bona fide dispute over wages owed.   The Company and M. Ladson will be referred to collectively herein as the "Parties."  Except to the extent governed by federal law, this Release shall be governed by the statutes and common law of Georgia.  This Agreement resolves the litigation matter currently pending in the United States District Court for the Middle District of Georgia, Case No.: 1:15-CV-00135-LJA wherein M. Ladson is one of the plaintiffs ("the Action").  This Agreement, and all terms and conditions included herein, is conditioned upon, among other things, the Court's approval of this settlement as a fair and reasonable resolution of the Action no later than Oct. 30, 2016, and is also conditioned upon the Court's approval of the settlement of each other Plaintiff. If the Court does not so approve, this Agreement, and all terms and conditions included herein, will be null and void.

In consideration of the mutual promises contained herein and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

### TERMS OF THE AGREEMENT

1. **Definitions Used in This Agreement**

   A. **"Approval"** means the date the Court enters an Order approving this Settlement.
   B. **"Attorneys' Fees and Costs"** means the amount paid to Class Counsel from the Gross Settlement Fund.
   C. **"Plaintiffs' Counsel"** means Linwood Gunn, Esq. and Roach, Caudill & Gunn, LLP.
   D. **"Defendants"** means all Defendants named as Parties in the Lawsuit, including McLendon Acres, Inc. and its respective predecessors, successors, assigns, and its current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities.
   E. **"Gross Settlement Fund"** means the amount of One Hundred Eleven Thousand Fifty Seven Dollars and 90/100 ($111,057.90).  This fund will cover the settlement allocation to all Named Plaintiffs, attorneys' fees and costs, and all applicable payroll taxes.
   F. **"Named Plaintiffs"** means Gary Milligan, David Rogers, Willie Peterson, Brandon Milligan, Anthony Ladson, and Michael Ladson, all individuals who submitted consent to join forms prior to the execution of this Agreement.
   G. **"Released Claims"** means any and all claims against any of the Released Parties based on alleged violations for any federal, state, or local wage and hour laws based on events that occurred or are alleged to have occurred at any point from August 2012

through the date of Approval, including without limitation claims under the federal Fair Labor Standards Act, and any applicable Georgia law.

H. **"Released Parties"** means the Defendants, as defined above, and their current and former parents, subsidiaries, related companies, partnerships, or joint ventures, and with respect to each of them, their predecessors and successors; and with respect to each such entity, all of its past, present, and future employees, officers, directors, stockholders, members, owners, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries, and insurers of such programs), and any other persons acting by through, under or in concert with any of the persons or entities listed in this subsection, and their successors.

I. **"Releasing Party"** means M. Ladson and any of his present, former, and future spouses, as well as his present, former, and future heirs, executors, administrators, estates, trustees, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns.

J. **"Relevant Time Period"** means for those who opted into the case, the time period begins three years prior to the date that they opted in to the case.

2. **Benefits**

A. <u>In General</u>:  The benefits set forth herein are conditioned on execution of this Agreement and its approval by the Court.

B. <u>Payment</u>:  In exchange for the release set forth in 3(a) of this Agreement, and contingent upon fulfillment of the terms specified herein, M. Ladson, will receive from the Gross Settlement a lump sum payment of Two Thousand Forty Four Dollars and 83/100 ($2,044.83), less all applicable federal, state, and local taxes and withholdings.  The Company will deliver said payment via wire transfer to counsel, by October 31, 2016.  The Company shall report the amount paid to the appropriate taxing authorities on a Form W-2, issued to M. Ladson with his taxpayer identification number.  Said amount shall further be subject to adjustments and deductions for applicable taxes and withholdings as required by federal, state, and local law.

C. <u>Attorneys Fees</u>:  Subject to Court approval, Plaintiffs' Counsel will receive Thirty Nine Thousand Fifty-Six Dollars and 92/100 ($39,056.92) of the Gross Settlement as attorneys' fees. The Company will deliver payment via wire transfer to Plaintiffs' counsel made payable to Plaintiffs' Counsel, by December 15, 2016 Plaintiffs' Counsel will be issued one or more IRS Forms 1099 for the attorneys' fees and costs paid pursuant to this Agreement and consistent with the Court's approval. Within seven (7) days of receipt of final payment, unless instructed otherwise by the Court, counsel for M. Ladson will file a dismissal with prejudice of M. Ladson's claims asserted in the operative complaint.

**3.  Releases**

A.  In accordance with the terms of this Agreement, M. Ladson shall be deemed to have irrevocably and unconditionally released and discharged the Released Parties with respect to the Released Claims when the Agreement becomes final and no longer appealable.  M. Ladson will be deemed to understand the significance of this release of unknown and unsuspected claims and their waiver of statutory protection against a release of unknown and/or unsuspected claims.  M. Ladson expressly waives all rights afforded by any statute which limits the effect of a release with respect to unknown or unsuspected claims.

   a.  At the time of this Agreement, M. Ladson states he has not filed or caused to be filed any sort of claim against these Defendants with a federal or state entity, except as identified below.  M. Ladson further understands Defendants have relied on this representation as a part of this Agreement. If, despite this Agreement, M. Ladson personally sues over any claim that has been individually released in his individual capacity, or allows or causes suit to be brought on his behalf, M. Ladson will be liable to the Released Parties (as defined below) for their attorneys' fees, other defense costs, and any other damages that M. Ladson's lawsuit causes.

B.  <u>Claims Not Released</u>:  This Agreement does not release any claims that the law does not permit M. Ladson to release.

**4.  Promises**

A.  <u>Dismissal of Action</u>:  With the exception of *Gary Milligan, et al. v. McLendon Acres, Inc.*, et al, currently pending in the United States District Court for the Middle District of Georgia, Case No.: 1:15-CV-00135-LJA, M. Ladson has not filed, initiated, or prosecuted (or caused to be filed, initiated, or prosecuted) any lawsuit, complaint, charge, action, compliance review, investigation, or proceeding with respect to any claim this Agreement purports to waive and/or release.  Upon the approval by the Court of this Agreement M. Ladson will receive payment consistent with the terms of this Agreement.

B.  <u>Taxes</u>:  M. Ladson is responsible for paying any taxes on amounts received under this Agreement.  The Company will withhold all taxes it is legally required to withhold.

C.  <u>Ownership of Claims</u>: M. Ladson has not assigned or transferred any claims now being released, nor has M. Ladson attempted to do so.

D.  <u>Implementation</u>:   The Parties agree to take all reasonable actions necessary to implement this Agreement.

E.  <u>No Admission of Liability</u>: M. Ladson understands and agrees that this Agreement is not an admission of wrongdoing by the Company.

F.  <u>This Agreement to be Kept Confidential</u>: M. Ladson promises that the terms, amount, or existence of the settlement or this Agreement shall not be discussed or disclosed to anyone other than a member of M. Ladson's immediate family or attorney or other

professional advisor and, even as to such a person, only if the person agrees to honor this confidentiality requirement. Such a person's violation of this confidentiality requirement is to be treated as a violation by M. Ladson. This subsection does not prohibit disclosures to the Court or to the extent legally necessary to enforce this Agreement, nor does it prohibit disclosures to the extent otherwise legally required (but only if M. Ladson notifies the Company of a disclosure obligation or request within three days and permits the Company to take all steps it deems appropriate to prevent or limit the required disclosure).

**5. Voluntary Nature of Agreements**

M. Ladson acknowledges being advised by counsel concerning this Agreement and entering into the Agreement voluntarily. M. Ladson further acknowledges receiving a reasonable amount of time to consider this Agreement before signing it.

**6. Approval of Settlement**

Within seven (7) calendar days of the execution of this Agreement by Plaintiff, Defendants will seek the Court's approval of the terms of this Agreement, by filing an Unopposed Motion for Approval of Settlement ("Approval Motion").  Defendants may, at their option, seek to have the Approval Motion and related documents filed under seal. Plaintiffs agree not to oppose any such motion by Defendants.  Notwithstanding the foregoing, the Agreement may be filed publicly if ultimately necessary to obtain Court approval of the settlement. If the Court does not enter an Approval Order, or decides to do so only with material modifications to the terms of the Agreement, or if the Approval Order is reversed or vacated by an appellate Court, then this Agreement shall become null and void, unless the Parties agree in writing to modify this Agreement and the Court approves of the modified agreement.

**7. Miscellaneous**

A.  <u>Entire Agreement</u>: This Agreement is the entire agreement between the Released Parties to the subject matter of this Agreement. This Agreement may not be modified or canceled in any manner, nor may any provision of it or any legal remedy with respect to it be waived, except by a writing signed by both M. Ladson and an authorized Company official. The Parties have made no representations or promises, other than those in or referred to by this Agreement.

B.  <u>Successors</u>: This Agreement binds the Releasing Party's heirs, administrators, representatives, executors, and assigns, and will inure to the benefit of all Released Parties and their respective heirs, administrators, representatives, executors, successors, and assigns.

C.  <u>Interpretation</u>: This Agreement shall be construed as a whole according to its fair meaning. It shall not be construed strictly for or against the Released Parties.

Unless the context indicates otherwise, the term "or" shall be deemed to inclu
the term "and" and the singular or plural number shall be deemed to include
other. Captions are intended solely for convenience of reference and shall not
used in the interpretation of this Agreement.

D. Execution in Counterparts: This Agreement may be executed in one or mo
counterparts, each of which shall be deemed an original, all of which togethe
shall constitute one and the same instrument.

E. Jurisdiction: The Parties request that the Court retain jurisdiction with respect t
the implementation and enforcement of the terms of the Agreement, to the exten
permitted by law, and all Parties hereto submit to the jurisdiction of the Court for
purposes of implementing and enforcing the Settlement embodied in the
Agreement. The Parties request that any action to enforce this Agreement shall be
commenced and maintained only in this Court. The Parties agree that reasonable
attorneys fees and costs shall be awarded to any Party who prevails, in whole or in
part, in enforcing this Agreement.

F. Cooperation: The Parties agree to cooperate in good faith to effectuate the
Settlement of this action, including securing the Court's approval of the
Agreement, and obtaining a final judgment.

G. Ineligible for Rehire: M. Ladson agrees he is not eligible for rehire and further
agrees he will not seek reemployment with the Defendants in the future.

H. Confidentiality: M. Ladson, Plaintiffs' Counsel, Defendants, and Defendants'
Counsel agree they shall not, directly or indirectly, on their own or through a third
party, make any statement that refers to this Action, Plaintiffs' claims, or that
discloses or communicates the Settlement Payment (including the individual
allocations thereof) or other terms of this Agreement.

Executed at _____, _____ this 20th day of October , 2016.

_____
Michael Ladson

Executed this 20th day of October, 2016.

ON BEHALF OF ALL DEFENDANTS

_____
Martin McLendon, CEO of McLendon
Acres, Inc.

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASES

This Settlement Agreement and General Release (collectively, the "Agreement" or "Settlement") is entered into by **McLendon Acres, Inc.; 1-800-RR Emergency, LLC; Martin McLendon, John Metcalf, Fred Denim**, and their respective predecessors, successors and assigns, their current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities (collectively, the "Company"), on the one hand, and **Brandon Milligan** ("B. Milligan"), on the other hand, to settle all known and unknown claims related to a bona fide dispute over wages owed.   The Company and B. Milligan will be referred to collectively herein as the "Parties."  Except to the extent governed by federal law, this Release shall be governed by the statutes and common law of Georgia.  This Agreement resolves the litigation matter currently pending in the United States District Court for the Middle District of Georgia, Case No.: 1:15-CV-00135-LJA wherein B. Milligan is one of the plaintiffs ("the Action").  This Agreement, and all terms and conditions included herein, is conditioned upon, among other things, the Court's approval of this settlement as a fair and reasonable resolution of the Action no later than Oct. 30, 2016, and is also conditioned upon the Court's approval of the settlement of each other Plaintiff. If the Court does not so approve, this Agreement, and all terms and conditions included herein, will be null and void.

In consideration of the mutual promises contained herein and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

### TERMS OF THE AGREEMENT

1. **Definitions Used in This Agreement**

    A. **"Approval"** means the date the Court enters an Order approving this Settlement.
    B. **"Attorneys' Fees and Costs"** means the amount paid to Class Counsel from the Gross Settlement Fund.
    C. **"Plaintiffs' Counsel"** means Linwood Gunn, Esq. and Roach, Caudill & Gunn, LLP.
    D. **"Defendants"** means all Defendants named as Parties in the Lawsuit, including McLendon Acres, Inc. and its respective predecessors, successors, assigns, and its current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities.
    E. **"Gross Settlement Fund"** means the amount of One Hundred Eleven Thousand Fifty Seven Dollars and 90/100 ($111,057.90).  This fund will cover the settlement allocation to all Named Plaintiffs, attorneys' fees and costs, and all applicable payroll taxes.
    F. **"Named Plaintiffs"** means Gary Milligan, David Rogers, Willie Peterson, Brandon Milligan, Anthony Ladson, and Michael Ladson,  all individuals who submitted consent to join forms prior to the execution of this Agreement.
    G. **"Released Claims"** means any and all claims against any of the Released Parties based on alleged violations for any federal, state, or local wage and hour laws based on events that occurred or are alleged to have occurred at any point from August 2012

through the date of Approval, including without limitation claims under the federal Fair Labor Standards Act, and any applicable Georgia law.

H. **"Released Parties"** means the Defendants, as defined above, and their current and former parents, subsidiaries, related companies, partnerships, or joint ventures, and with respect to each of them, their predecessors and successors; and with respect to each such entity, all of its past, present, and future employees, officers, directors, stockholders, members, owners, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries, and insurers of such programs), and any other persons acting by through, under or in concert with any of the persons or entities listed in this subsection, and their successors.

I. **"Releasing Party"** means B. Milligan and any of his present, former, and future spouses, as well as his present, former, and future heirs, executors, administrators, estates, trustees, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns.

J. **"Relevant Time Period"** means for those who opted into the case, the time period begins three years prior to the date that they opted in to the case.

## 2. Benefits

A. <u>In General</u>:   The benefits set forth herein are conditioned on execution of this Agreement and its approval by the Court.

B. <u>Payment</u>:   In exchange for the release set forth in 3(a) of this Agreement, and contingent upon fulfillment of the terms specified herein, B. Milligan, will receive from the Gross Settlement a lump sum payment of Nine Hundred Forty Three Dollars and 21/100 ($943.21), less all applicable federal, state, and local taxes and withholdings.  The Company will deliver said payment via wire transfer to counsel, by October 31, 2016.  The Company shall report the amount paid to the appropriate taxing authorities on a Form W-2, issued to B. Milligan with his taxpayer identification number.   Said amount shall further be subject to adjustments and deductions for applicable taxes and withholdings as required by federal, state, and local law.

C. <u>Attorneys Fees</u>:   Subject to Court approval, Plaintiffs' Counsel will receive Thirty Nine Thousand Fifty-Six Dollars and 92/100 ($39,056.92) of the Gross Settlement as attorneys' fees. The Company will deliver payment via wire transfer to Plaintiffs' counsel made payable to Plaintiffs' Counsel, by December 15, 2016 Plaintiffs' Counsel will be issued one or more IRS Forms 1099 for the attorneys' fees and costs paid pursuant to this Agreement and consistent with the Court's approval. Within seven (7) days of receipt of final payment, unless instructed otherwise by the Court, counsel for B. Milligan will file a dismissal with prejudice of B. Milligan's claims asserted in the operative complaint.

**3.   Releases**

A.   In accordance with the terms of this Agreement, B. Milligan shall be deemed to have irrevocably and unconditionally released and discharged the Released Parties with respect to the Released Claims when the Agreement becomes final and no longer appealable.  B. Milligan will be deemed to understand the significance of this release of unknown and unsuspected claims and their waiver of statutory protection against a release of unknown and/or unsuspected claims.  B. Milligan expressly waives all rights afforded by any statute which limits the effect of a release with respect to unknown or unsuspected claims.

    a.   At the time of this Agreement, B. Milligan states he has not filed or caused to be filed any sort of claim against these Defendants with a federal or state entity, except as identified below.  B. Milligan further understands Defendants have relied on this representation as a part of this Agreement. If, despite this Agreement, B. Milligan personally sues over any claim that has been individually released in his individual capacity, or allows or causes suit to be brought on his behalf, B. Milligan will be liable to the Released Parties (as defined below) for their attorneys' fees, other defense costs, and any other damages that B. Milligan's lawsuit causes.

B.   Claims Not Released:  This Agreement does not release any claims that the law does not permit B. Milligan to release.

**4.   Promises**

A.   Dismissal of Action:  With the exception of *Gary Milligan, et al. v. McLendon Acres, Inc.*, et al, currently pending in the United States District Court for the Middle District of Georgia, Case No.: 1:15-CV-00135-LJA, B. Milligan has not filed, initiated, or prosecuted (or caused to be filed, initiated, or prosecuted) any lawsuit, complaint, charge, action, compliance review, investigation, or proceeding with respect to any claim this Agreement purports to waive and/or release.  Upon the approval by the Court of this Agreement B. Milligan will receive payment consistent with the terms of this Agreement.

B.   Taxes:  B. Milligan is responsible for paying any taxes on amounts received under this Agreement.  The Company will withhold all taxes it is legally required to withhold.

C.   Ownership of Claims: B. Milligan has not assigned or transferred any claims now being released, nor has B. Milligan attempted to do so.

D.   Implementation:  The Parties agree to take all reasonable actions necessary to implement this Agreement.

E.   No Admission of Liability: B. Milligan understands and agrees that this Agreement is not an admission of wrongdoing by the Company.

F.   This Agreement to be Kept Confidential: B. Milligan promises that the terms, amount, or existence of the settlement or this Agreement shall not be discussed or

disclosed to anyone other than a member of B. Milligan's immediate family or attorney or other professional advisor and, even as to such a person, only if the person agrees to honor this confidentiality requirement. Such a person's violation of this confidentiality requirement is to be treated as a violation by B. Milligan. This subsection does not prohibit disclosures to the Court or to the extent legally necessary to enforce this Agreement, nor does it prohibit disclosures to the extent otherwise legally required (but only if B. Milligan notifies the Company of a disclosure obligation or request within three days and permits the Company to take all steps it deems appropriate to prevent or limit the required disclosure).

## 5. Voluntary Nature of Agreements

B. Milligan acknowledges being advised by counsel concerning this Agreement and entering into the Agreement voluntarily. B. Milligan further acknowledges receiving a reasonable amount of time to consider this Agreement before signing it.

## 6. Approval of Settlement

Within seven (7) calendar days of the execution of this Agreement by Plaintiff, Defendants will seek the Court's approval of the terms of this Agreement, by filing an Unopposed Motion for Approval of Settlement ("Approval Motion").  Defendants may, at their option, seek to have the Approval Motion and related documents filed under seal. Plaintiffs agree not to oppose any such motion by Defendants.  Notwithstanding the foregoing, the Agreement may be filed publicly if ultimately necessary to obtain Court approval of the settlement. If the Court does not enter an Approval Order, or decides to do so only with material modifications to the terms of the Agreement, or if the Approval Order is reversed or vacated by an appellate Court, then this Agreement shall become null and void, unless the Parties agree in writing to modify this Agreement and the Court approves of the modified agreement.

## 7. Miscellaneous

A.    Entire Agreement: This Agreement is the entire agreement between the Released Parties to the subject matter of this Agreement. This Agreement may not be modified or canceled in any manner, nor may any provision of it or any legal remedy with respect to it be waived, except by a writing signed by both B. Milligan and an authorized Company official. The Parties have made no representations or promises, other than those in or referred to by this Agreement.

B.    Successors: This Agreement binds the Releasing Party's heirs, administrators, representatives, executors, and assigns, and will inure to the benefit of all Released Parties and their respective heirs, administrators, representatives, executors, successors, and assigns.

C.   Interpretation: This Agreement shall be construed as a whole according to its fair meaning. It shall not be construed strictly for or against the Released Parties. Unless the context indicates otherwise, the term "or" shall be deemed to include the term "and" and the singular or plural number shall be deemed to include the other. Captions are intended solely for convenience of reference and shall not be used in the interpretation of this Agreement.

D.   Execution in Counterparts: This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, all of which together shall constitute one and the same instrument.

E.   Jurisdiction: The Parties request that the Court retain jurisdiction with respect to the implementation and enforcement of the terms of the Agreement, to the extent permitted by law, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Agreement. The Parties request that any action to enforce this Agreement shall be commenced and maintained only in this Court. The Parties agree that reasonable attorneys fees and costs shall be awarded to any Party who prevails, in whole or in part, in enforcing this Agreement.

F.   Cooperation:   The Parties agree to cooperate in good faith to effectuate the Settlement of this action, including securing the Court's approval of the Agreement, and obtaining a final judgment.

G.   Ineligible for Rehire: B. Milligan agrees he is not eligible for rehire and further agrees he will not seek reemployment with the Defendants in the future.

H.   Confidentiality: B. Milligan, Plaintiffs' Counsel, Defendants, and Defendants' Counsel agree they shall not, directly or indirectly, on their own or through a third party, make any statement that refers to this Action, Plaintiffs' claims, or that discloses or communicates the Settlement Payment (including the individual allocations thereof) or other terms of this Agreement.

Executed at _____, _____ this ____ day of _____, 2016.


_____
Brandon Milligan


Executed this ____ day of October, 2016.


ON BEHALF OF ALL DEFENDANTS

_____
Martin  McLendon,  CEO  of  McLendon
Acres, Inc.

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASES

This Settlement Agreement and General Release (collectively, the "Agreement" or "Settlement") is entered into by **McLendon Acres, Inc.; 1-800-RR Emergency, LLC; Martin McLendon, John Metcalf, Fred Denim**, and their respective predecessors, successors and assigns, their current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities (collectively, the "Company"), on the one hand, and **Anthony Ladson** ("A. Ladson"), on the other hand, to settle all known and unknown claims related to a bona fide dispute over wages owed.   The Company and A. Ladson will be referred to collectively herein as the "Parties."  Except to the extent governed by federal law, this Release shall be governed by the statutes and common law of Georgia.  This Agreement resolves the litigation matter currently pending in the United States District Court for the Middle District of Georgia, Case No.: 1:15-CV-00135-LJA wherein A. Ladson is one of the plaintiffs ("the Action").  This Agreement, and all terms and conditions included herein, is conditioned upon, among other things, the Court's approval of this settlement as a fair and reasonable resolution of the Action no later than Oct. 30, 2016, and is also conditioned upon the Court's approval of the settlement of each other Plaintiff. If the Court does not so approve, this Agreement, and all terms and conditions included herein, will be null and void.

In consideration of the mutual promises contained herein and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

### TERMS OF THE AGREEMENT

1. **Definitions Used in This Agreement**

   A. **"Approval"** means the date the Court enters an Order approving this Settlement.
   B. **"Attorneys' Fees and Costs"** means the amount paid to Class Counsel from the Gross Settlement Fund.
   C. **"Plaintiffs' Counsel"** means Linwood Gunn, Esq. and Roach, Caudill & Gunn, LLP.
   D. **"Defendants"** means all Defendants named as Parties in the Lawsuit, including McLendon Acres, Inc. and its respective predecessors, successors, assigns, and its current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities.
   E. **"Gross Settlement Fund"** means the amount of One Hundred Eleven Thousand Fifty Seven Dollars and 90/100 ($111,057.90).  This fund will cover the settlement allocation to all Named Plaintiffs, attorneys' fees and costs, and all applicable payroll taxes.
   F. **"Named Plaintiffs"** means Gary Milligan, David Rogers, Willie Peterson, Brandon Milligan, Anthony Ladson, and Michael Ladson, all individuals who submitted consent to join forms prior to the execution of this Agreement.
   G. **"Released Claims"** means any and all claims against any of the Released Parties based on alleged violations for any federal, state, or local wage and hour laws based on events that occurred or are alleged to have occurred at any point from August 2012

through the date of Approval, including without limitation claims under the federal Fair Labor Standards Act, and any applicable Georgia law.

H. **"Released Parties"** means the Defendants, as defined above, and their current and former parents, subsidiaries, related companies, partnerships, or joint ventures, and with respect to each of them, their predecessors and successors; and with respect to each such entity, all of its past, present, and future employees, officers, directors, stockholders, members, owners, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries, and insurers of such programs), and any other persons acting by through, under or in concert with any of the persons or entities listed in this subsection, and their successors.

I. **"Releasing Party"** means A. Ladson and any of his present, former, and future spouses, as well as his present, former, and future heirs, executors, administrators, estates, trustees, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns.

J.  **"Relevant Time Period"** means for those who opted into the case, the time period begins three years prior to the date that they opted in to the case.

## 2. Benefits

A. <u>In General</u>:   The benefits set forth herein are conditioned on execution of this Agreement and its approval by the Court.

B. <u>Payment</u>:   In exchange for the release set forth in 3(a) of this Agreement, and contingent upon fulfillment of the terms specified herein, A. Ladson, will receive from the Gross Settlement a lump sum payment of Eight Thousand Eight Hundred Twelve Dollars and 92/100 ($8,812.92), less all applicable federal, state, and local taxes and withholdings.  The Company will deliver said payment via wire transfer to counsel, by October 31, 2016.  The Company shall report the amount paid to the appropriate taxing authorities on a Form W-2, issued to A. Ladson with his taxpayer identification number.   Said amount shall further be subject to adjustments and deductions for applicable taxes and withholdings as required by federal, state, and local law.

C. <u>Attorneys Fees</u>:   Subject to Court approval, Plaintiffs' Counsel will receive Thirty Nine Thousand Fifty-Six Dollars and 92/100 ($39,056.92) of the Gross Settlement as attorneys' fees. The Company will deliver payment via wire transfer to Plaintiffs' counsel made payable to Plaintiffs' Counsel, by December 15, 2016 Plaintiffs' Counsel will be issued one or more IRS Forms 1099 for the attorneys' fees and costs paid pursuant to this Agreement and consistent with the Court's approval. Within seven (7) days of receipt of final payment, unless instructed otherwise by the Court, counsel for A. Ladson will file a dismissal with prejudice of A. Ladson's claims asserted in the operative complaint.

**3. Releases**

A. In accordance with the terms of this Agreement, A. Ladson shall be deemed to have irrevocably and unconditionally released and discharged the Released Parties with respect to the Released Claims when the Agreement becomes final and no longer appealable.  A. Ladson will be deemed to understand the significance of this release of unknown and unsuspected claims and their waiver of statutory protection against a release of unknown and/or unsuspected claims.  A. Ladson expressly waives all rights afforded by any statute which limits the effect of a release with respect to unknown or unsuspected claims.

    a. At the time of this Agreement, A. Ladson states he has not filed or caused to be filed any sort of claim against these Defendants with a federal or state entity, except as identified below.  A. Ladson further understands Defendants have relied on this representation as a part of this Agreement. If, despite this Agreement, A. Ladson personally sues over any claim that has been individually released in his individual capacity, or allows or causes suit to be brought on his behalf, A. Ladson will be liable to the Released Parties (as defined below) for their attorneys' fees, other defense costs, and any other damages that A. Ladson's lawsuit causes.

B. <u>Claims Not Released</u>:  This Agreement does not release any claims that the law does not permit A. Ladson to release.

**4. Promises**

A. <u>Dismissal of Action</u>:  With the exception of *Gary Milligan, et al. v. McLendon Acres, Inc.*, et al, currently pending in the United States District Court for the Middle District of Georgia, Case No.: 1:15-CV-00135-LJA, A. Ladson has not filed, initiated, or prosecuted (or caused to be filed, initiated, or prosecuted) any lawsuit, complaint, charge, action, compliance review, investigation, or proceeding with respect to any claim this Agreement purports to waive and/or release.  Upon the approval by the Court of this Agreement A. Ladson will receive payment consistent with the terms of this Agreement.

B. <u>Taxes</u>:  A. Ladson is responsible for paying any taxes on amounts received under this Agreement.  The Company will withhold all taxes it is legally required to withhold.

C. <u>Ownership of Claims</u>: A. Ladson has not assigned or transferred any claims now being released, nor has A. Ladson attempted to do so.

D. <u>Implementation</u>:  The Parties agree to take all reasonable actions necessary to implement this Agreement.

E. <u>No Admission of Liability</u>: A. Ladson understands and agrees that this Agreement is not an admission of wrongdoing by the Company.

F. <u>This Agreement to be Kept Confidential</u>: A. Ladson promises that the terms, amount, or existence of the settlement or this Agreement shall not be discussed or disclosed to anyone other than a member of A. Ladson's immediate family or attorney or other

professional advisor and, even as to such a person, only if the person agrees to honor this confidentiality requirement. Such a person's violation of this confidentiality requirement is to be treated as a violation by A. Ladson. This subsection does not prohibit disclosures to the Court or to the extent legally necessary to enforce this Agreement, nor does it prohibit disclosures to the extent otherwise legally required (but only if A. Ladson notifies the Company of a disclosure obligation or request within three days and permits the Company to take all steps it deems appropriate to prevent or limit the required disclosure).

**5. Voluntary Nature of Agreements**

A. Ladson acknowledges being advised by counsel concerning this Agreement and entering into the Agreement voluntarily. A. Ladson further acknowledges receiving a reasonable amount of time to consider this Agreement before signing it.

**6. Approval of Settlement**

Within seven (7) calendar days of the execution of this Agreement by Plaintiff, Defendants will seek the Court's approval of the terms of this Agreement, by filing an Unopposed Motion for Approval of Settlement ("Approval Motion").  Defendants may, at their option, seek to have the Approval Motion and related documents filed under seal.  Plaintiffs agree not to oppose any such motion by Defendants.  Notwithstanding the foregoing, the Agreement may be filed publicly if ultimately necessary to obtain Court approval of the settlement. If the Court does not enter an Approval Order, or decides to do so only with material modifications to the terms of the Agreement, or if the Approval Order is reversed or vacated by an appellate Court, then this Agreement shall become null and void, unless the Parties agree in writing to modify this Agreement and the Court approves of the modified agreement.

**7. Miscellaneous**

A.   <u>Entire Agreement</u>: This Agreement is the entire agreement between the Released Parties to the subject matter of this Agreement. This Agreement may not be modified or canceled in any manner, nor may any provision of it or any legal remedy with respect to it be waived, except by a writing signed by both A. Ladson and an authorized Company official. The Parties have made no representations or promises, other than those in or referred to by this Agreement.

B.   <u>Successors</u>: This Agreement binds the Releasing Party's heirs, administrators, representatives, executors, and assigns, and will inure to the benefit of all Released Parties and their respective heirs, administrators, representatives, executors, successors, and assigns.

C.   <u>Interpretation</u>: This Agreement shall be construed as a whole according to its fair meaning. It shall not be construed strictly for or against the Released Parties.

Unless the context indicates otherwise, the term "or" shall be deemed to include the term "and" and the singular or plural number shall be deemed to include the other. Captions are intended solely for convenience of reference and shall not be used in the interpretation of this Agreement.

D.   Execution in Counterparts: This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, all of which together shall constitute one and the same instrument.

E.   Jurisdiction: The Parties request that the Court retain jurisdiction with respect to the implementation and enforcement of the terms of the Agreement, to the extent permitted by law, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Agreement. The Parties request that any action to enforce this Agreement shall be commenced and maintained only in this Court. The Parties agree that reasonable attorneys fees and costs shall be awarded to any Party who prevails, in whole or in part, in enforcing this Agreement.

F.   Cooperation:   The Parties agree to cooperate in good faith to effectuate the Settlement of this action, including securing the Court's approval of the Agreement, and obtaining a final judgment.

G.   Ineligible for Rehire: A. Ladson agrees he is not eligible for rehire and further agrees he will not seek reemployment with the Defendants in the future.

H.   Confidentiality:   A. Ladson, Plaintiffs' Counsel, Defendants, and Defendants' Counsel agree they shall not, directly or indirectly, on their own or through a third party, make any statement that refers to this Action, Plaintiffs' claims, or that discloses or communicates the Settlement Payment (including the individual allocations thereof) or other terms of this Agreement.

Executed at _Leesburg, Ga._ this _14_ day of _October_, 2016.

_____
Anthony Ladson

Executed this _14_ day of October, 2016.

**ON BEHALF OF ALL DEFENDANTS**

_____
Martin McLendon, CEO of McLendon Acres, Inc.